ALTER GOLDMAN & BRESCIA, LLP
Proposed Attorneys for the Petitioner
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 670-0030

Bruce Alter, Esq.
Dana Brescia, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In re:                                                          Chapter 11

JEWELED OBJECTS, LLC,                                           Case No.

                                    Petitioner.

Tax ID No.
--------------------------------------------------------------X

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

        Robert Hoberman, being duly sworn, deposes and says:

        1.      I am the manager of HGL Management LLC ("HGL"). HGL is one of the

managing members of Jeweled Objects LLC ("JO" or "Petitioner"), a New York limited liability

company with an address at 226 West 26th Street, New York, N.Y. 10001. Mitchel May is the

other managing member of JO. I submit this Affidavit pursuant to Local Bankruptcy Rule

1007-2.


## Local Rule 1007-2(a)(1)

        2.      Petitioner is engaged in the business of buying and selling jewelry, jeweled

objects, fine art, antiquities and other similar items, in the County of New York, State of New York.

3. Petitioner engaged in certain transactions with various companies owned, operated or controlled by Ralph Esmerian ("Esmerian"), the principal of Fred Leighton Holdings, Inc. ("FLHI"), R. Esmerian, Inc. ("REI") and various affiliates of FLHI, Esmerian and REI.

4. Specifically, on or about March 27, 2006, REI and Petitioner entered into a Jewelry Purchase Agreement (the "Purchase Agreement") pursuant to which REI sold to Petitioner certain jewels, jeweled objects and antiquities. On the same date, Petitioner, as seller and Fine Jewel Associates ("Fine"),a company owned and controlled by Esmerian and REI, as buyer, entered into a Deferred Jewelry Purchase Agreement (the "Deferred Purchase Agreement"). Pursuant to the Deferred Purchase Agreement, Fine agreed to buy and Petitioner agreed to sell to Fine certain jewelry, jeweled objects and antiquities (collectively the "Assets") described in the Deferred Purchase Agreement, all of which were the subject of the Purchase Agreement, for the sum of Eight Million Nine Hundred Fifty Thousand Dollars ($8,950,000). If Fine failed to purchase the Assets, then in such event, Petitioner had the right to sell the Assets and retain the proceeds. In the event the proceeds exceed $$8,950,000, plus any other amounts owed under the Deferred Purchase Agreement, plus 20%, (the "Maximim Sale Proceeds"), then all proceeds in excess of the Maximum Sale Proceeds, were to be paid over to Fine. If the sale proceeds were less than $8,950,000, plus any other amounts owed under the Deferred Purchase Agreement, plus 20%, Fine was required to pay the deficiency.

5. Fine breached the Deferred Purchase Agreement and the two extensions and failed to purchase the Assets. On or about October 9, 2009 Petitioner commenced an action in

Supreme Court, New York county, against Esmerian, REI and Fine (the "Esmerian Action"), based on *inter alia*, Fine's failure to purchase the Assets.

6.    On or about April 15, 2008, prior to Petitioner's commencement of the Esmerian Action, FLHI and certain of its affiliates filed Chapter 11 petitions in this Court. At various times during the FLHI chapter 11 proceedings, FLHI and or its affiliated debtors, asserted that certain of the Assets included in the Purchase Agreement were owned by one or more of the Chapter 11 debtors and or their affiliates. Petitioner disputed those allegations and continues to believe that it has good title and superior rights in and to the Assets. On November 9, 2009, the Court, after bitter and contentious proceedings as a result of Esmerian's dishonesty, bad faith and illegal conduct, entered an order confirming FLHI's plan of reorganization (the "Plan"). The Plan provided, *inter alia*, for the formation of a litigation trust (the "Trust") which had the authority to prosecute various causes of action belonging to the chapter 11 debtors' estates.

7.    On or about December 14, 2009 the Trust commenced an action against Petitioner and others seeking damages for what it alleges were unauthorized transfers of property of the debtors' estates and other actionable conduct by the defendants. As the result of defendants' motion to dismiss for *inter alia,* failure to join Esmerian, REI and Merrill Lynch as indispensible parties, the Trust filed an amended complaint adding Esmerian and REI, but not Merrill Lynch, as defendants. Petitioner's motion to dismiss the complaint on these and other grounds is pending.

8.    On or about March 2, 2010 certain investors and lenders to JO on their own behalf and derivatively on behalf of JO, commenced an action against JO, its managers and others alleging various causes of action including fraud, breach of fiduciary duty, conspiracy to

commit breach of fiduciary duty, and conversion. On April 5, 2010 Robert Hoberman and HGL

Management LLC filed a third party action against Petitioner.

**Local Rule 1007-2(a)(2)**

9.      This case was not originally commenced under Chapter 7 or 13 of the

Bankruptcy Code.

**Local Rule 1007-2(a)(3)**

10.    No committee was organized prior to the filing of this case.

**Local Rule 1007-2(a)(4)**

11.    A schedule of the Petitioner's 20 largest unsecured creditors is annexed

hereto as Exhibit "A".

**Local Rule 1007-2(a)(5)**

**12.**    A schedule of the Petitioner's five (5) largest secured creditors is annexed

hereto as Exhibit "B".

**Local Rule 1007-2(a)(6)**

13.    A summary of the Petitioner's assets and liabilities is annexed as Exhibit

"C".

**Local Rule 1007-2(a)(7)**

14.    The Petitioner does not have any publicly held shares of stock, debentures

or other securities.

**Local Rule 1007-2(a)(8)**

15.    Petitioner's property is not in the possession or custody of any custodian,

public officer, mortgagee, pledge, secured creditor, or agent for such entity.

**Local Rule 1007-2(a)(9)**

16.     The Petitioner has its office and operates its business from 255 Merrick

Road, Rockville Centre, New York 11570.

**Local Rule 1007-2(a)(10)**

17.     The Petitioner's substantial assets are located at [vault address].

**Local Rule 1007-2(a)(11)**

As of the filing date the following actions were pending:

(i)     FLHI Liquidation Trust, Plaintiff v. Robert Hoberman, Jill Hoberman, Mitchel May, Guiseppe Torroni, G. Torroni S.A., Mace Blickman, Jerry Blickman, Inc., Jeweled Objects LLC, Fine Jewels Associates, Calabash Associates LLC and Knight Jewels LLC, Adv. Pro. 09-01913

(ii)     Joel Boyarsky. Acc0untants Proprietary Financial Servicenet, Inc., The Pamela B. Ela Tiner Living Trust, Lbv Retirement Plan, Arnold Wolowitz. Carol Wolowitz And The Carol Wolowitz And Arnold Wolowitz Foundation, Inc, individually and derivatively on behalf of Jeweled Objects LLC, Plaintiffs,  v. Robert Hoberman, Mitchel May, HGL Management LLC, Ralph Esmerian, R. Esmerian. Inc., Fine Jewels Associates, Precious Stones Company, Benjamin Zucker, and Beckman, Lieberman & Barandes, LLP, Supreme Court, New York County, Index No. 10-;

(iii)     Jeweled Objects LLC, v. Ralph Esmerian, R. Esmerian, Inc., Fine Jewels Associates, and Beckman, Liberman & Barandes LLC, Supreme Court – New York  Index No. 114255-2009

**Local Rule 1007-2(a)(12)**

18.     The managing members of Petitioner are Mitchel May and HGL

Management LLC ("HGL").  Robert Hoberman is the managing member of HGL.

**Local Rule 1007-2(b)(1)**

19.     The estimated payroll to employees (exclusive of officers, directors,

stockholders and partners) for the thirty (30) day period following the filing of the chapter 11

petition is $-0-.

**Local Rule 1007-2(b)(2)**

20.     The estimated amount to be paid for services to its officers, mangers and

members for the thirty (30) day period following the filing of the Chapter 11 petition is $-0-.

**Local Rule 1007-2(b)(3)**

21.     The estimated schedule of cash receipts and disbursements for the thirty

(30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations

and receivables expected to accrue but remaining unpaid, other than professional fees is annexed

as Exhibit "D".

**<u>Conclusion</u>**

22.     In addition to the foregoing, a copy of the resolution authorizing the filing

of the instant Chapter 11 petition is annexed as Exhibit "E".

23.     A list of all members and managers is annexed as Exhibit "F".

24.     The Petitioner believes it is in the best interests of all of its creditors that it

be afforded an opportunity to reorganize its obligations in Chapter 11.

25.     The needs and interests of the Petitioner and its creditors will best be served

by the Petitioner's possession of its assets and management of its affairs as a

Debtor-in-Possession under Chapter 11 until confirmation of a Plan.

26.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the

foregoing is true and correct.

Dated:  White Plains, New York
        April 6, 2010


                                                */s/ Robert Hoberman*
                                                Robert Hoberman

Sworn To Before Me This
6th day of April, 2010
*/s/ Steven Lesser*
Notary Public, State of New York
No. 5006941
Qualified in Nassau County
Commission Expires January 19, 2011

**EXHIBIT "A"**
**TWENTY LARGEST UNSECURED CREDITORS***

**NAME**                                                  **AMOUNT OWED**


Robert Hoberman and HGLManagement                    Disputed
c/o Rattet, Pasternak & Gordon-Oliver, LLP
550 Mamaroneck Avenue, Ste. 510
Harrison, N.Y. 10528

Rattet, Pasternak & Gordon-Oliver, LLP                  $86,485.69
550 Mamaroneck Avenue
Harrison, N.Y. 10528

# EXHIBIT "B"

## FIVE LARGEST SECURED CREDITORS

| NAME | AMOUNT OWED |
|---|---|
| LBV Retirement Plan<br>888 Veterans Highway, Ste 520<br>Hauppauge, N.Y. 11788 | $1,000,000 |
| Parkway Management LLC Profit Sharing Plan<br>275 Madison Avenue, Ste.702<br>New York. N.Y. 10016 | $ 600,000 |
| HMGL Pension Plan<br>226 West 26th Street, 8th Flooe<br>New York, N.Y. 10001 | $ 300,000 |
| Carol & Arnold Wolowitz Foundation<br>888 Veterans Highway<br>Suite 520<br>Hauppauge, N.Y. 11788 | $ 250,000 |
| Robert Hoberman<br>1325 Harbor Road<br>Hewlett, N.Y. | $ 13,250 |
| Mitchel May<br>1347 Pond Lane<br>Hewlett Harbor, N.Y. | $ 13,250 |

## EXHIBIT "C"

## SUMMARY OF ASSETS AND LIABILITIES

**Balance Sheet to be filed separately.**

**EXHIBIT "D"**

**SCHEDULE OF ESTIMATED CASH RECEIPTS
AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF
THE CHAPTER 11 PETITION**

Income                                                    $-0-

Expenses                                                  $-0-

Net Profit                                                $-0-

<u>**EXHIBIT "E"**</u>

<u>**MEMBERSHIP RESOLUTION**</u>

The undersigned, the Managing Members of Jeweled Objects LLC, a limited liability company organized under the laws of the State of New York (the "Company"), does hereby certify that at a duly called meeting of the Board of Directors held on the 6th day of April 2010, the following resolutions were adopted, and they have not been modified or rescinded, and are still in full force and effect:

**RESOLVED**, that in the judgment of the Company, it is desirable and in the best interests of the Company, that its managers be empowered to cause a petition under Chapter 11 of the Bankruptcy Code to be filed by the Company upon such date, and in the event, in their discretion, such action should become necessary for the protection of the Company and the preservation of its assets without further notice to the officers of the Company; and it is further

**RESOLVED**, that the Managers of the Company, or any of them, be and they hereby are authorized on behalf of the Company to execute and file all petitions, schedules, lists and other papers and to take any and all action which they may deem necessary or proper in connection with such proceedings under Chapter 11, and in that connection to retain and employ Alter, Goldman & Brescia, LLP, and to retain and employ all assistance by other legal counsel or otherwise which they may deem necessary or proper with a view to the successful conclusion of such reorganization case."

**IN WITNESS WHEREOF,** I have hereunto set my hand, this _____ day of April, 2010.

**HGL Management LLC, Managing Member**

By: Robert Hoberman, Manager

Sworn to this 6th day
of April, 2010              ***/s/ Robert Hoberman***
***/s/ Steve Lesser***        Robert Hoberman, Manager
Notary Public, State of New York
No. 5006941
Qualified in Nassau County
Commission Expires January 19, 2011

**Mitchel May**

By: ***/s/ Mitchel May***
              Mitchel May, Manager

Sworn to this 7th day
of April 2010
***/s/ Robert Allen Buckley***
Notary Public, State of New York
New York County, Reg #02BU6107343
Commission Expires March 29, 2012

# EXHIBIT "F"

## OFFICERS, DIRECTORS, SHAREHOLDERS
## AND AFFILIATES OF JEWELED OBJECTS LLC

**Managers:**    Mitchel May
HGL Management LLC

**Members:**    Mitchel May
Jacqueline May
Larry Goldstein
HGL Management
Bernard Hoberman Trust
Ruth Hoberman Trust
Marshall Abbott
Gloria Bobely Trust
Doug Bobley
Brian Wolf
Herbert Cohen
Arnold & Carol Wolowitz
Joel Boyarsky
Accountants Proprietary Financial Services
Pamela Blattner Living Trust